## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**WILLIAM FRAGMIN,**
**Claimant Below, Petitioner**

**vs.)   No. 21-0660** (BOR Appeal No. 2056221)
(Claim No. 2020013604)

**TC ENERGY GROUP, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner William Fragmin, by counsel T. Colin Greene and Thomas Greene Jr, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). TC Energy Group, LLC, by counsel Steven K. Wellman, filed a timely response.

The issue on appeal is compensability for occupational hearing loss. The claims administrator rejected the claim on February 4, 2020. On January 6, 2021, the Workers' Compensation Office of Judges ("Office of Judges") affirmed the claims administrator's decision. This appeal arises from the Board of Review's Order dated July 22, 2021, in which the Board affirmed the Order of the Office of Judges.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

(c) In reviewing a decision of the Board of Review, the Supreme Court of Appeals shall consider the record provided by the board and give deference to the board's findings, reasoning, and conclusions . . . .

(d) If the decision of the board represents an affirmation of a prior ruling by both the commission and the Office of Judges that was entered on the same issue

in the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo reweighing of the evidentiary record . . . .

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Fragmin, an employee of TC Energy Group, LLC ("TC Energy"), submitted an Employees' and Physicians' Report of Occupational Injury on November 19, 2019, indicating that he was exposed to loud noise for over eighteen years while working in compressor stations and around mechanical equipment. He was first made aware of his noise-induced hearing loss on November 4, 2019, following an evaluation performed by Joedy L. Daristotle, M.D. The audiogram attached to the application, which was performed by Audiologist Catherine D. Ingle, who noted that tonometry testing was not performed for the right ear, as an acoustic seal could not be obtained. The audiogram revealed significant hearing loss on the low frequencies and a flat audiometric curve with no recover in the high frequencies. The application noted that Mr. Fragmin has a history of Ramsay Hunt Syndrome, bilateral tympanic perforation, as well as a history of a motor vehicle accident resulting in head trauma. There was no commentary regarding other potential contributing causes to Mr. Fragmin's hearing loss. Dr. Daristotle, an ENT-Otolaryngologist, found that Mr. Fragmin has bilateral sensorineural hearing loss directly attributable to or perceptibly aggravated by industrial noise exposure in the course of and resulting from his employment, with 34% impairment due to work-related noise exposure.

On January 7, 2020, David Phillips, M.D., an Otolaryngologist with Ear, Nose & Throat Associates of Charleston, Inc., conducted an Independent Medical Evaluation of Mr. Fragmin for occupational hearing loss. Dr. Phillips noted that Mr. Fragmin is forty-five years of age and has a history of hearing difficulties. An audiogram, performed by D. Rachelle Miano, Au.D., NPI, revealed a bilateral sensorineural hearing loss of a relatively flat character. Testing also indicated that the hearing loss increases from moderate to severe in the left ear, with a flat severe loss in the right ear. Mr. Fragmin denied a family history of hearing loss and reported no history of military service. However, he was found to have a history of Ramsay Hunt Syndrome, as well as bilateral tympanic membrane perforation. He underwent a procedure to repair his left tympanic membrane in 2019. Mr. Fragmin's physical examination revealed normal auricles and clear external canals. The left tympanic membrane was thickened, but intact, and consistent with his recent tympanic membrane surgery. The right tympanic membrane has a central perforation without active middle ear disease or discharge.

When considering Mr. Fragmin's possible impairment, Dr. Phillips noted several issues. First, his hearing loss began in his early-to-mid-30's and coupled with the fact that testing revealed

2

flat severe loss, Dr. Phillips opined that it was very suggestive of hereditary hearing loss. Additionally, Mr. Fragmin has a history of head trauma, Ramsay Hunt Syndrome, and bilateral tympanic membrane perforation. Dr. Phillips stated that all of these factors would have an effect upon Mr. Fragmin's hearing, and he concluded that it is very likely that, given his age and the character of the audiogram, the entirety of his hearing loss is attributable to hereditary factors, and very unlikely to be related to occupational noise exposure.

By Order of February 4, 2020, the claims administrator denied the claim and held that Mr. Fragmin did not sustain an injury in the course of and resulting from his employment. Mr. Fragmin protested the claims administrator's decision. In support of his protest, Mr. Fragmin testified at a deposition held on March 27, 2020, that he first started noticing hearing loss in 2012 or 2013, and he uses hearing aids to understand people while speaking. He stated that he was currently working at the Sherwood Compressor Station. Mr. Fragmin stated that the noise sounded like a big airplane engine running inside a building when the compressor engines are running while pumping gas from one station to another. Mr. Fragmin testified that he was even exposed to loud noise while working in the field checking utilities and marking lines for pipeline maintenance. Previously, he worked for Columbia Gas, which was purchased by TC Energy, from 2001 to 2008 as a compressor operator and was exposed to noise. Mr. Fragmin wore hearing protection in the form of plugs and earmuffs. Double-hearing protection was implemented in 2014 or 2015. During his time in the compressor station, he wore earplugs. Mr. Fragmin testified that he has trouble hearing people speak both directly to him and over the phone. He also testified that he is not a tobacco user, was never in the military, and has no familial history of hearing loss.

In a Final Decision dated January 6, 2021, the Office of Judges affirmed the February 4, 2020, Order of the claims administrator rejecting Mr. Fragmin's claim for occupational hearing loss. On appeal, Mr. Fragmin argued that he met the compensability standard because Dr. Daristotle performed a thorough evaluation with appropriate testing and arrived at the medical opinion that Mr. Fragmin has 34% impairment resulting from prolonged occupational noise exposure. Citing Dr. Phillips's report and provisions of West Virginia Code of State Rules § 85-20, the Office of Judges concluded that it is more likely than not that Mr. Fragmin does not suffer from occupational hearing loss. Specifically, the Office of Judges found Mr. Fragmin's audiograms revealed relatively flat hearing loss, which is inconsistent with noise-induced hearing loss. Dr. Phillips's analysis and assessment was found to be the best evidence presented regarding Mr. Fragmin's hearing loss. The Office of Judges determined that Dr. Daristotle, who signed Mr. Fragmin's application, did not articulate whether Mr. Fragmin's pre-existing conditions caused any hearing loss, and simply listed occupational exposure as the cause for his hearing loss. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on July 22, 2021.

After review, we agree with the reasoning and conclusions of the Office of Judges, as affirmed by the Board of Review. The audiograms obtained by Dr. Daristotle and Dr. Phillips were found to be similar and within test-retest variability. Although Dr. Daristotle noted Mr. Fragmin's preexisting health conditions on the application for benefits, he never discussed whether the preexisting health conditions contributed to Mr. Fragmin's hearing loss. West Virginia Code of State Rules § 85-20-47 et. seq, requires that physicians consider all causes, including non-

occupational causes, in hearing loss claims.[1] As a result, the Office of Judges found that the opinion of Dr. Phillips is the best evidence regarding occupational hearing loss because he reviewed Mr. Fragmin's history of head trauma, Ramsay Hunt Syndrome, and bilateral tympanic membrane perforation and attributed the entirety of his hearing loss to hereditary factors. Mr. Fragmin's audiogram showing significant low-frequency hearing loss with a flat audiometric curve, with no recovery in the higher frequencies, supports the opinion of Dr. Phillips, as well as the decisions of the Office of Judges and Board of Review.

Affirmed.

**ISSUED: April 5, 2023**

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton

---

[1] West Virginia Code of State Rules § 85-20-47, et. seq., provides guidelines for audiometric evaluation in workers' compensation claims. Portions relevant to this case are as follow:

47.2. A physician examining and evaluating an injured worker in a noise-induced hearing loss claim must consider the injured worker's medical and occupational history, as well as available audiograms, in determining the etiology of the hearing loss. It is not necessary to use a uniform brand and model of audiometer.

47.6. When a sensorineural hearing loss is present it may be the result of noise induced hearing loss and/or other disease processes. The medical evaluator should consider all causes of sensorineural hearing loss. When a conductive loss is present, the bone conduction levels will show the purist hearing an injured worker could have as a result of noise induced hearing loss.

47.8. Occupational noise induced hearing loss (NIHL) typically starts in the high frequencies; usually 3000, 4000 or 6000 Hz. With progression, these frequencies worsen and the hearing loss extends to the lower frequencies; (2000 and 1000 Hz). Even with progression, however, the audiometric pattern remains one that descends from the low frequencies to the high frequencies, sometimes with recovery at 6000 or 8000 Hz. Occupational NIHL does not cause an ascending audiometric pattern (where the low frequencies would be worse than the high frequencies). A flat audiometric curve is also not typical of an etiology of solely occupational NIHL. If an audiogram presents a pattern that is atypical of an occupational NIHL pattern, then the physician interpreting the audiogram should consider causes other than occupational noise exposure in determining the hearing loss etiology. If the otologist/otolaryngologist determines that an injured worker's hearing loss is not all noise induced hearing loss, he or she should estimate the true noise induced hearing loss thresholds and explain his or her calculations on the basis of medical and audiological findings.

Justice C. Haley Bunn

**DISQUALIFIED:**

Justice Tim Armstead